IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CURTIS L. MCCUNE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| MARK PETTWAY, in his official capacity as Sheriff of Jefferson County, Alabama, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and unlawful retaliation against the Plaintiff, Curtis L. McCune, III, (hereinafter "Plaintiff" or "McCune"), an employee of the Jefferson County Sheriff's Office. This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff requests a trial by jury of all triable issues.

1

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

1. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3) and 42 U.S.C. § 2000e, *et. seq*.

2. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

3. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

4. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

## PARTIES

5. Plaintiff Curtis L. McCune, III, is a sixty-two (62) year old Caucasian male citizen of the United States and of the State of Alabama. He is a resident of this Judicial District and Division.

6. Defendant Mark Pettway as an individual that resides in Jefferson County, Alabama and is the Sheriff of Jefferson County, Alabama ("Defendant"). At all times relevant hereto the Defendant has engaged in business in Birmingham, Alabama and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. At all times relevant to this action, the

Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at the Jefferson County Sheriff's Office through Sheriff Mark Pettway.

8. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

9. Plaintiff timely filed his Charge of Discrimination (420-2021-02416) (*Exhibit A*) against Defendant with the Equal Employment Opportunity Commission within 180 days of the commission of the unlawful employment practices alleged herein.

10. On July 29, 2022, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charge. *(Exhibit B)*

11. Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

12. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

13. Plaintiff is a sixty-two (62) year old Caucasian, male who was hired by the Defendant in October, 2014 as a Deputy Sheriff. Plaintiff has since obtained the rank of Sergeant with the Jefferson County Sheriff's Office

14. For approximately three years, Plaintiff has been subjected to pervasive discriminatory harassment based on Plaintiff's race from his supervisor, Lt. Terry Guinn, a black male.

15. On June 30, 2021, Plaintiff was called into Lt. Guinn's office concerning an alleged disciplinary matter. Another Jail Sergeant, Sgt. April Johnson, a black female, was also called into this meeting for the same alleged disciplinary purpose.

16. Plaintiff was given two disciplinary write-ups, whereas Sgt. Johnson was not disciplined for the same incident.

17. During the meeting, Lt. Guinn began yelling at Plaintiff and caused Plaintiff to have a serious medical incident wherein Plaintiff had to be transported to the hospital by ambulance.

18. Plaintiff has suffered through a severely hostile discriminatory work environment at the Jefferson County Sheriff's Office.

19. Other black Sheriff's Deputies have been treated more favorably than Plaintiff, including Sgt. April Johnson.

20. Plaintiff has suffered a breakdown of his personal health as a direct result of the discrimination he has been subjected to.

21. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and of retaliation.

22. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

23. Plaintiff has been discriminated against by Defendant based on his race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

## COUNT ONE
## TITLE VII
## RACE DISCRIMINATION

24. Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. Plaintiff has been discriminated against because of his race and has suffered disciplinary actions for substantially similar actions that other black Sheriff's Deputies have not been disciplined for.

26. Plaintiff was given two disciplinary write-ups for an alleged incident whereas Sgt. April Johnson, a black female, was not disciplined for the same conduct.

27. Plaintiff was treated so severely by Lt. Guinn, a black male, that Plaintiff suffered a serious medical event.

28. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race.

29. Plaintiff has suffered a breakdown of his personal health as a direct result of the discrimination he has been subjected to.

30. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

31. Plaintiff has been discriminated against by Defendants based on his race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

32. The actions of the Defendant of willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, the Plaintiff is entitled to recover attorney's fees in this

case from the Defendant.

33. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

## COUNT TWO
## PLAINTIFF'S CLAIMS OF HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

34. Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-three (23) as if fully set forth herein.

35. Plaintiff has been discriminated against because of his race and has suffered disciplinary actions for substantially similar actions that other black Sheriff's Deputies have not been disciplined for.

36. Plaintiff was given two disciplinary write-ups for an alleged incident whereas Sgt. April Johnson, a black female, was not disciplined for the same conduct.

37. Plaintiff has been subject to a severely hostile work environment by his supervisor Lt. Guinn based on his race. Lt. Guinn regularly demonstrates a pattern of hostility towards white employees of the Sheriff's Office. Plaintiff was treated so severely by Lt. Guinn, a black male, that Plaintiff suffered a serious medical event.

38. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race.

39. Plaintiff has suffered a breakdown of his personal health as a direct result of the discrimination he has been subjected to.

7

40. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

41. Plaintiff has been discriminated against by Defendant based on his race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

42. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, the Plaintiff is entitled to recover him attorney's fees in this case from the Defendant.

43. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

## **GENERAL PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

    A.    Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964, as amended;

    B.    Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

    C.    Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

    D.    Award Plaintiff him costs and expenses, including an award of reasonable attorney's fees; and,

    E.    Award Plaintiff an award of hedonic damages;

    F.    Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

                              Respectfully Submitted,

                              /s/ Scott T. Morro
                              Scott T. Morro (ASB-4954-C30M)
                              Attorney for Plaintiff
                              Morro Law Center, LLC
                              P.O. Box 1644
                              Gardendale, AL 35071
                              Telephone: (205)631-6301
                              Fax: (205) 285-8542
                              morrowlawcenter@bellsouth.net

<u>DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER</u>